IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH LEE, DT-7436,  )
    Petitioner,  )
  )
    v.  )  2:15-cv-212
  )
ROBERT GILMORE, et al.,  )
    Respondents.  )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Kenneth Lee, an inmate at the State Correctional Institution-Greene has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

    Greene is presently serving a 12 ½ to 25 year sentence imposed following his conviction upon a plea of guilty to charges of third-degree homicide and felon in possession of a firearm at No. 02-CP-399-CR-1994 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on April 10, 1995.[1] Petitioner does not quarrel here with his convictions but rather with the subsequent denial of parole.

    Lee was originally sentenced to a term of eighteen months to five years on June 25, 1992 for possession with intent to deliver a controlled substance. At that time his minimum sentence expired on May 7, 1993 and his maximum expired on November 7, 1996.[2] Parole was granted on May 7, 1993.[3] While on parole, Lee was arrested, charged and convicted of homicide and firearms violations and on May 30, 1995, recommitted as a convicted parole violator to serve the three years and six month balance of his original drug sentence with a maximum expiration date of October 10, 1998.[4] On the latter date he commenced his homicide/firearms violation sentence with a minimum sentence expiration date of June 13, 2013 and a maximum expiration date of

---

[1] See: Petition at ¶¶ 1-6. Exhibit 4 to the answer at p.22 indicates that at the April 10, 1995 hearing, petitioner was sentenced to an aggregate sentence of 16 to 35 years.
[2] See: Exhibit 1 to the answer at p. 14.
[3] See: Exhibit A to the answer, the MacNamara declaration at ¶ 10.
[4] Id. at Exhibit 3.

1

June 13, 2032.[5] On April 8, 2013, parole was denied.[6] On March 18, 2015, parole was approved and "Lee is currently going through the parole release process."[7] However, at the time the instant petition was executed, February 11, 2015, Lee was in custody and apparently continues to be incarcerated since on May 19, 2015, he filed a motion for summary judgment (ECF No.21) from the prison. In both his petition and motion for summary judgment Lee alleges that the parole rules that were operational at the time of his original conviction, and not the later amended rules should apply to him and thus the ex post facto prohibition has been violated.[8]

Following denial of parole on April 8, 2013, petitioner sought relief in the Pennsylvania appellate courts. He filed an appeal to the Pennsylvania Commonwealth Court which Court concluded that "he alleges no factual correlation between the parole denial and changes in the law [which occurred in 1995]."[9] On October 30, 2014, the denial of relief was affirmed by the Pennsylvania Supreme Court.[10] A petition for certiorari was filed in the United States Supreme Court on January 15, 2015 and denied on May 26, 2015.

The sole issue raised in the present petition as well as Lee's motion for summary judgment is:

> Violation of the Ex Post Facto Clause: The Pennsylvania Board of Probation and Parole impermissibly applied the post-1995 Robert "Mudman" Simon arrest/1995 parole eligibility policies to Petitioner's parole eligibility assessment. And as a direct result, he was disadvantaged/denied parole…[11]

The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty

---

[5] Id. at Exhibit 4.
[6] Id. at Exhibit 5.
[7] Id. at ¶23 and Exhibit 15.
[8] In Newman v. Beard, 617 F.3d 775, 784 (3d Cir. 2010) cert. denied 131 S.Ct 2126 (2011), the Court wrote "The ex post facto inquiry has two prongs: (1) whether there was a change in the law or policy which has been given retrospective effect, and (2) whether the offender was disadvantaged by the change." Richardson v. Pa. Bd. of Prob. & Parole, 423 F.3d 282, 287–88 (3d Cir.2005). The Supreme Court has noted that "[r]etroactive changes in laws governing parole of prisoners, in some instances, may be violative of [the Ex Post Facto Clause]." Garner v. Jones, 529 U.S. 244, 250, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000). This is because "[a]n adverse change in one's prospects for release [through parole] disadvantages a prisoner just as surely as an upward change in the minimum duration of sentence." Mickens–Thomas, 321 F.3d at 392.
[9] See: Exhibit A to the answer at p.91.
[10] Id. at Exhibit 9, p.95.
[11] See: Petition at ¶12.

interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's conduct both inside and outside the institution and not on some arbitrary basis such "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

The applicable Pennsylvania law is set forth in 61 Pa.C.S.A. §6138(a):

(1) A parolee under the jurisdiction of the board released from a correctional facility, who, during the period on parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty … or to which the parolee pleads guilty or nolo contendere at any time, thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted, and … *shall be given no credit for the time at liberty on parole.*(emphasis added).

In the instant case, it is clear that the petitioner as a convicted parole violator was properly recommitted under Pennsylvania law to serve the balance of his drug conviction sentence following which he commenced serving his homicide sentence. On March 18, 2015, parole was approved although final release has apparently not yet occurred.

In his prayer for relief, Lee requests,

An order instructing the Pennsylvania Board of Probation and Parole to conduct a new parole eligibility assessment based on the applicable statutory criteria which

w[ere] in effect "at the time" that Petitioner's crimes were consummated [and presumably release him on parole].[12]

In support of his position he relies on Richardson v. Pennsylvania Board of Probation, 423 F.2d at 292 fn.5 which when read in its entirety states:

> We note than *Cimaszewski* [v. Board of Probation and Parole, 868 A.2d 416 (Pa.2005)] suggested that a prisoner must show that he or she "would have been released but for the 1996 amendment" and "bears the burden of pleading and proving that under the pre-1996 Parole Act, he would have been paroled, while under the 1996 amendments he has not been paroled." This but for standard, however, has no basis in federal ex post facto law. (citation and emphasis omitted).

As the Commonwealth Court observed, the changes in the parole rules did not impact on the decision of whether or not Lee should be granted parole. Thus, any relief which this Court could grant is moot in that presently parole has been granted and because no ex post fact violation has occurred. See, Neal v. Pennsylvania Board of Probation and Parole, 2015 WL 868115 (W.D.Pa. 2015). Because there is no further relief which Lee can gain from this Court and there is no showing that his incarceration was contrary to any holdings of the United States Supreme Court, nor involved an improper application of those holdings, his petition will be dismissed and his motion for summary judgment will be dismissed moot.

An appropriate Order will be entered.

---

[12] Id. at p.19.

ORDER

AND NOW, this 28th day of May, 2015, for the reasons set forth in the foregoing Memorandum, the petition of Kenneth Lee for a writ of habeas corpus (ECF No.2) is DISMISSED, and his motion for summary judgment (ECF No 21) is DISMISSED as moot. Additionally, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell  
United States Magistrate Judge